TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00021-CR





 

Christopher Lee Mojica, Appellant





v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 52,450, HONORABLE JOE CARROLL, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 Christopher Lee Mojica appeals from his conviction for the offense of burglary of a
habitation. See Tex. Pen. Code Ann. § 30.02(a)(3) (West 2003). In one issue on appeal, appellant
contends that the trial court erred in admitting hearsay evidence. We will affirm the conviction.


Factual and Procedural Background



 On August 17, 2001, Colleen Oakes was returning to her house in a rural area of Bell
County. As she approached her house, she could see three men moving around near a blue car that
was parked outside her house. As she got closer, she saw the men loading items from her house into
the car's trunk, and as she turned onto the short road leading directly to her house, the men got in the
car and drove toward her. They stopped; the driver rolled down his window and asked if "the
Griffiths" lived at that residence. When she told him, "No," and asked who the men were, appellant
drove away. Oakes wrote down the license plate number, which she later gave to the sheriff's
department. She entered her house to find it in disarray, with many items missing.

 Eric Paredes testified that he was appellant's friend. He said that he loaned the car
identified by Oakes to appellant and another friend in August of 2001. He did not remember the
exact dates. Paredes was shown a police report made at the time. He agreed that his memory would
have been more accurate at the time that the report was made, and said that the report accurately
reflected what he said to the officer who made the report.

 Theodore Cruz, Jr., was the Bell County Sheriff's Deputy who investigated the case. 
He testified that he used the license plate number to trace the car to its owner, Eric Paredes. Cruz
testified that Paredes told Cruz that Paredes loaned the car to appellant on August 17, 2001. Cruz
also testified concerning the photo identification line-up in which Oakes identified appellant as the
driver of the car that she saw leaving her house. Cruz testified that he contacted appellant. 
Appellant told Cruz that "he knew what [Cruz] wanted, the stuff [Cruz] was looking for was at a
friend's house." Appellant agreed to come to the station to talk to Cruz, but never appeared.

 The State later offered Cruz's report of Paredes's account of the car loan for
admission into evidence. Defense counsel objected that the report was hearsay. The State argued
that it was admissible as an exception to the hearsay rule for a "past recollection recorded." After
taking the matter under advisement, the court admitted the report; its contents were read into the
record.

Discussion


 A court reviews the admission or exclusion of evidence for an abuse of discretion. 
See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). Error that is not
constitutional must be disregarded unless it affects substantial rights. See Tex. R. App. P. 44.2. A
substantial right is affected when the error has a substantial and injurious effect or influence in
determining the jury's verdict. See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)
(citing Kotteakos v. United States, 328 U.S. 750, 776 (1946)). 

 Appellant contends that the report did not meet the requirements of the hearsay
exception for a "past recollection recorded," the theory offered by the State for its admission. See
Tex. R. Evid. 803(5); Johnson v. State, 967 S.W.2d 410, 416-17 (Tex. Crim. App. 1998). Appellant
argues that admission of the report was harmful because the report established the exact date of the
car loan, a fact that Paredes did not remember. Therefore, appellant could not use an alibi defense
based on the theory that someone else to whom Paredes loaned the car was the person driving it on
the day of the robbery.

 The information that appellant points to as harmful was admitted without objection
during Cruz's testimony. Therefore, if the later admission of the report was error, it was harmless. 
See Tex. R. App. P. 44.2. Further, Oakes identified appellant as the driver of the car that she saw
at her house while the three men were still in the process of loading that car with her possessions. 
Cruz testified about appellant's incriminating statement. In view of all of the other evidence of guilt
before the jury, we cannot say that error, if any, in the admission of the report affected a substantial
right. See King, 953 S.W.2d at 271. Accordingly, we overrule appellant's only issue and affirm the
conviction.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 29, 2003

Do Not Publish